# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

PATRICK J. MAJESKY,

     Plaintiff,                            Case No. 5:25-cv-00084

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendant.

_____ /

## COMPLAINT

Plaintiff PATRICK J. MAJESKY ("Plaintiff"), by and through the undersigned, complains as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. §1681 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Florida.

## PARTIES

4.      Plaintiff is a natural person over 18 years of age and, at all times relevant, resided in Panama City Beach, Florida, within the Northern District of Florida.

5.      Experian is a consumer reporting agency that maintains credit information on millions of U.S. consumers and businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida.

## FACTS SUPPORTING CAUSE OF ACTION

6.      Prior to events giving rise to this action, Plaintiff entered into a contract with ADT, Inc. ("ADT") for a home security system at his home.

7.      On July 24, 2024, Plaintiff vacated his property and transferred his ADT contract to the new occupant. An ADT representative facilitated the transfer and confirmed the closure of Plaintiff's account.

8.      On December 30, 2024, Plaintiff was contacted by Hillcrest Davidson & Associates, LLC ("HAD") regarding $1,400 debt ("subject debt") for an alleged early termination fee.

9.    Plaintiff followed up with ADT and spoke to representative, Michael Fleming, and ADT confirmed with Plaintiff that Plaintiff's account was closed, and the new occupant was active.

10.    At no point did Plaintiff receive any notice from ADT about an outstanding balance or an early termination fee.

11.    All final payments were made as expected, with no additional charges communicated to Plaintiff.

12.    In January 2025, Plaintiff discovered that Experian was reporting the inaccurately subject debt on his consumer credit report.

13.    On January 29, 2025, Plaintiff filed a written dispute with Experian.

14.    Upon information and belief, Experian received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with TransUnion. See 15 U.S. Code §1681i(a)(2).

15.    On February 21, 2025, Defendant failed to reasonably investigate Plaintiff's credit disputes. Despite the subject debt not being owed. Defendant continued to report the subject debt on Plaintiff's Experian credit report inaccurately.

16.    The reporting of the tradeline is patently inaccurate and materially misleading because despite the debt not being owed, Defendant continued to report the subject debt with a balance to Plaintiff's consumer credit report inaccurately.

17.    Any reasonable investigation by Defendant would and should have revealed the materially misleading nature of the information on Plaintiff's Experian

consumer credit report. Experian failed to update the subject debt in accordance with Plaintiff's dispute.

18.    Exeprian's materially misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared his creditworthiness was in jeopardy.

19.    Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Experian from further deception in the future.

20.    Any reasonable investigation by Experian would have revealed the inaccuracy of the information on Plaintiff's consumer credit reports.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

21.    The erroneous reporting of the late payment paints a false and damaging image of Plaintiff. After it was provided notice by Plaintiff, Experian did not update its trade line.

22.    The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

23.    As a result of actions and inactions of the Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time, and money expended meeting with his attorneys, monitoring his credit file, and mental and emotional pain and suffering.

24.     Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit file.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

25.     Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

27.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

28.     At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

29.     At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

30.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31.     The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

32.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting

agency to reinvestigate free of charge and record the current status of the disputed information the account within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

33.    Plaintiff provided Experian with all relevant information in his request for investigation to correct the subject debt.

34.    Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt inaccurately.

35.    Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

36.    Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently correct the information in Plaintiff's credit files.

37.    Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Experian. Upon information and belief, Experian also failed to include all relevant information as part of the notice to HDA regarding Plaintiff's disputes that Experian received from Plaintiff.

38.    Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

39.    Experian violated 15 U.S.C. §1681i(a)(5) by failing to correct inaccurate information that was the subject of Plaintiff's disputes.

40.    Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from HDA that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

41.    Experian knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's creditworthiness and his ability to receive financing and/or credit opportunities.

42.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

43.    Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

44.    By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

45.    It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

46.    Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information inaccurately.

47.    Experian acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put Experian on notice that the subject debt was to be corrected.

48.    Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

**WHEREFORE**, Plaintiff PATRICK J. MAJESKY requests that this Honorable Court enter judgment in his favor as follows:

a.    A finding that Experian's conduct as set forth herein violated the FCRA;

b.    An Order enjoining Experian from reporting the fraudulent account;

c.    An award of compensatory damages to Plaintiff to be determined by the jury;

d.    An award of statutory damages of $1,000.00 for each violation of the FCRA;

e.    An award of punitive damages to be determined by the jury; and

f.    An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Awarding any other relief as this Honorable Court deems just and

appropriate.

**Plaintiff demands trial by jury.**


Dated: March 31, 2025                                    Respectfully Submitted,

                                                        */s/ Alexander J. Taylor*
                                                        Alexander J. Taylor, Esq.
                                                        Florida Bar No. 1013947
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, Ltd
                                                        2500 South Highland Avenue
                                                        Suite 200
                                                        Lombard, IL 60148
                                                        Telephone: (331) 272-1942
                                                        Fax: (630) 575-8188
                                                        ataylor@sulaimanlaw.com